IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| BARRY DANIELS,<br>    Plaintiff, | §<br>§<br>§ | |
| V. | § | CASE NO. 5:24CV-00003-OLG |
| | §<br>§ | |
| JO VANETTE THURMAN,<br>    Defendant. | § | |

### PLAINTIFF'S FIRST AMENDED COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES, BARRY DANIELS, hereinafter referred to by name or as Plaintiff, and complains of WAYNE MICHAEL THURMAN, IN HIS CAPACITY AS INDEPENDENT EXECUTOR OF THE ESTATE OF JOVANETTE THURMAN**,** hereinafter referred to by name or as Defendant, and for cause of action would respectfully show unto the Court as follows:

### DISCOVERY CONTROL PLAN LEVEL

Plaintiff contends that discovery shall be conducted under a Discovery Level 2, pursuant to the TEXAS RULES OF CIVIL PROCEDURE.

### PARTIES AND SERVICE

1.   Plaintiff, Barry Daniels, is an individual who is a resident of the State of Virginia.

2.   Defendant, WAYNE MICHAEL THURMAN, IN HIS CAPACITY AS INDEPENDENT EXECUTOR OF THE ESTATE OF JOVANETTE THURMAN, who is a resident of Texas, may be served with process at home at the following address: 13646 Hercules Ln, Universal City, TX 78148 (Citation Requested).

### JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. §1332(a), in that there exists complete diversity of citizenship between Plaintiff and Defendant, and the amount in controversy exceeds the sum of $75,000.00 exclusive of interest and costs.

4. Venue is proper in the Western District of Texas pursuant to 28 U.S.C. §1391(b) because Defendant is a resident of Guadalupe County and a substantial part of the events or omission that give rise to this claim occurred within this judicial district.

## FACTS

5. On or about December 15, 2021, Plaintiff Barry Daniels was at a complete stop in his red Jeep Wrangler when he was suddenly and without warning, rear-ended by a 2006 silver Cadillac DTS, owned and operated by Jo Vanette Thurman,. Plaintiff was stopped and paying his electricity bill at the GVEC Electric Cooperative drive-through window located at 908 Curtiss Ave, Schertz, TX 78154 when Jo Vanette Thurman failed to control her speed, causing the collision with Plaintiff. Jo Vanette Thurman was a distracted driver at the time of the collision. Plaintiff Barry Daniels suffered injuries and damages due to the collision.

6. Since the accident Jo Vanette Thurman has passed away. Defendant Wayne Michael Thurman has been name the independent executor of her Estate.

## NEGLIGENCE CAUSE OF ACTION AGAINST DEFENDANT

7. The collision made the basis of this lawsuit resulted from the improper driving conduct of Jo Vanette Thurman. The conduct of Jo Vanette Thurman constituted negligence as that term is understood in law and such negligent conduct was a proximate cause of the occurrence, injuries and damages to the Plaintiff made the basis of this suit. Jo Vanette Thurman's negligent actions or omissions include, but are not limited to, one or more of the following non-exclusive particulars:

      a.      failing to control the speed of a vehicle in violation of Texas Transportation Code §545.351;

      d.      failing to control the operation of a vehicle;

      e.      failing to avoid the incident in question;

      f.      failing to keep a proper look out; and

      g.      failing to blow horn.

8.      Jo Vanette Thurman's is also liable to Plaintiffs for negligence per se. Through Jo Vanette Thurman's acts and/or omissions described herein, he violated TEX. TRANSP. CODE §545.351 by failing to control her speed. This statute is designed to protect a class of persons to which Plaintiffs belong against the type of injury suffered by Plaintiffs. This statute is of the type that imposes tort liability, and Jo Vanette Thurman's violations of this statute were without legal excuse.

9.      One, some, or all of the foregoing acts and/or omissions or others on the part of Jo Vanette Thurman constituted negligence, and such negligence was a proximate cause of the Collision and of Plaintiffs' injuries and damages. Jo Vanette Thurman's breaches of duties of ordinary care and of duties imposed by the aforementioned statutes proximately caused injuries to Plaintiffs and/or proximately caused aggravation of one or more preexisting injuries or conditions, which resulted in the following damages, all in the past and that, in reasonable probability, will be sustained by Plaintiffs in the future: medical expenses; loss of earning capacity; physical pain; mental anguish; physical impairment; and disfigurement.

## **DAMAGES**

10.      As a result of the incident made the basis of this lawsuit described in the preceding paragraphs and the negligence of Jo Vanette Thurman, Plaintiff Barry Daniels sustained

significantly debilitating injuries and damages in the past and will, in reasonable probability, sustain these damages in the future.

11. Plaintiff respectfully request that the trier of fact determine the amount of his damages and losses that he has incurred in the past and will reasonably incur in the future, as well as the monetary value of these damages, which include, but are not limited to:

    a. past and future physical pain and suffering and mental anguish;

    b. past and future disfigurement;

    c. past and future physical impairment;

    d. Past and future medical care expenses;

    e. past and future loss of earning capacity, and

    f. past and future out-of-pocket economic losses.

12. Because of all of the above and foregoing, Plaintiff has suffered actual damages in excess of the minimum jurisdictional limits of the Court for which damages Plaintiff now brings suit. Plaintiff seeks both prejudgment and post judgment interest as allowed by law, for all costs of court, and all other relief, both in law and in equity, to which he may be entitled.

## PREJUDGMENT AND POST-JUDGMENT INTEREST

13. Plaintiff also specifically pleads for prejudgment interest as prescribed by law on damages that have been accrued by the time of the judgment.

## JURY DEMAND

14. Plaintiff demands a trial by jury and tenders payment this date of the required jury fee.

## PRAYER

15. WHEREFORE, PREMISES CONSIDERED, Plaintiff requests that the Defendant be cited to appear and answer, and on final hearing Plaintiff have judgment against Defendants in

an amount within the jurisdictional limits of this Court, together with all pre-judgment and post-judgment interest as allowed by law, costs of Court, and for such other and further relief to which Plaintiff may be justly entitled by law and equity.

        **RESPECTFULLY SUBMITTED,**

        WOOLBERT SKAWIN, PLLC
        1411 West Avenue, Suite 104
        Austin, Texas 78701
        Telephone: (512) 481-7838
        Facsimile: (512) 879-9726

        */s/ David L. Woolbert*
        David L. Woolbert, SBN: 24096562
        dwoolbert@woolbertskawin.com
        **ATTORNEYS FOR PLAINTIFF**

## COURTESY NOTICE TO DEFENDANT

You have been sued because your insurance has failed to make an offer to settle this. If you had valid insurance at the time of the motor vehicle collision, please forward a copy of this petition to your insurance company *immediately*.

# ACUITY INSURANCE

**Phone:**  **(800) 242-7666**
**Fax:**    **(920) 476-6100**
**Email:**  **claims@acuity.com**
**Re:**     **Claim Number: RL5069**